**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JANICE THOMPSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation,<br><br>*Defendant*. | Case No. 6:14-cv-2081-31-DAB<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |



## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Janice Thompson brings this Class Action Complaint ("Complaint") against Defendant CVS Pharmacy, Inc. ("CVS") to stop Defendant's practice of sending unsolicited text messages[1] to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. CVS Pharmacy is one of the largest operators of retail drugstores in the

---

[1] Two matters currently pending in the Northern District of Illinois allege claims on behalf of putative classes of consumers who received robocalls (artificial or pre-recorded voice calls) from Defendant CVS Pharmacy, Inc. Unlike this case, the putative classes there do not include consumers who received unsolicited text messages from Defendant. *See Kingston v. CVS Pharmacy, Inc.*, No. 14-cv-09628 (N.D. Ill.) and *Lowe v. CVS Pharmacy, Inc., et al.*, No. 14-cv-03687 (N.D. Ill.).

United States, maintaining more than 7600 storefronts throughout the country.

2. In an effort to increase its market share in the pharmacy services industry, CVS instituted a telephonic outreach and marketing campaign in which automated text messages are sent to thousands of consumers regarding its prescription services.

3. These text messages are sent to consumers who supposedly have filled prescriptions at Defendant's pharmacies to "remind" them that they should refill their prescriptions at CVS, inform them that prescriptions are available for pick up, that prescriptions are not available for a refill, or that a prescription is refillable via text message.

4. Unfortunately, CVS did not obtain the prior written express consent—nor does it maintain a current record of any alleged consent—of Plaintiff or members of the Classes to send such text messages. Instead, Defendant simply sent text messages to these numbers for the aforementioned purposes, and often to the wrong person. In this fashion, many consumers were automatically opted-in to CVS's text message program, and must affirmatively opt-out in order to avoid repeated unsolicited text messages. Even worse, when consumers do try to opt-out, CVS continues to send more text messages.

5. By sending the text messages at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

6. Defendant repeatedly made (or directed to be made on its behalf) thousands of unsolicited text message calls to Plaintiff's and the other members of the putative Classes' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

("TCPA").

7. The TCPA was enacted to protect consumers from unsolicited text messages of the sort alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messaging activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Janice Thompson is a natural person and citizen of the State of Florida.

9. Defendant CVS Pharmacy, Inc. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island, 02895. Defendant CVS Pharmacy regularly does business throughout the State of Florida, in this District, and nationwide.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because it maintains dozens of stores in the State of Florida, including numerous stores in this District. Venue is also proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

12. CVS operates thousands of retail drugstores nationwide and is the second

largest chain of pharmacies in the United States.

13. Starting in or around February 2012, Defendant implemented an automated system that included text message alerts related to prescriptions.

14. While these text messages include prescription pick up reminders, they also included refill "reminders" and marketing notifications about services such as text based refill opportunities and in-house services offered by CVS (*e.g.*, flu shots).

15. In sending these promotional text messages, Defendant took no steps to acquire the express written consent of Plaintiff or the No Consent Class. Likewise, Defendant failed to take steps to ensure that text messages were being sent to the correct individual.

16. Moreover, in instances where members of the Classes received the unwanted text messages, and attempted to make them stop, Defendant continued to send them to the Opt-Out Class unabated.

17. Defendant made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

18. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human

intervention).

19. Defendant was and is aware that these above described text messages were and are being made without the prior express consent of the text message recipients.

## FACTS SPECIFIC TO PLAINTIFF THOMPSON

20. In or around September 2014, Plaintiff Thompson, who has purchased items (including prescriptions) from CVS, began to receive unwanted and unsolicited text messages from Defendant. The text messages came from the short code 287898.

21. However, the text messages sent to Plaintiff were directed to a person named "Diane." Plaintiff received numerous text messages for "Diane" indicating that a prescription was available for pick up at various CVS locations. In addition, Plaintiff received several other messages including a Terms of Service update, a message stating, "You can now refill by text with our new refill reminders," and a notification that a specific prescription was out of refills.

22. Plaintiff did not consent to receive these, or any other text messages, from Defendant. As such, upon receiving the first of these text messages, Plaintiff responded and attempted to make them stop. However, the text messages continued. Even after responding "STOP" and receiving a message stating, "You will no longer receive msgs from CVS/pharmacy", she continued to receive additional messages, including a message (not addressed to "Diane") that said "You can now refill by text with our new refill reminders." In fact, Plaintiff tried to opt-out multiple times, and received multiple responses indicating she was successful. It was not until Plaintiff actually placed a telephone call to CVS and demanded the onslaught of text messages to stop that they did in fact did cease.

5

23. A representative sample of the text messages received by Plaintiff is displayed below:

| | | |
|---|---|---|
| CVS/pharmacy: DIANE, your order is available for pickup at 13300 E. COLONIAL DR., ORLANDO, FL 32826. Questions? 407-243-5277. Reply 'HELP' for help | CVS/pharmacy: You will no longer receive msgs from CVS/pharmacy. For customer service call 877-833-9620 for further assistance | CVS/pharmacy: This phone number is not currently enrolled to receive messages. Please visit your pharmacy or CVS.com to enroll. |
| CVS/pharmacy: You will no longer receive msgs from CVS/pharmacy. For customer service call 877-833-9620 for further assistance | CVS/pharmacy: DIANE, your order is ready at 13300 E. COLONIAL DR.. Flu shots available. Questions? 407-243-5277 Reply HELP for Help | CVS/pharmacy: We've updated the terms and conditions of our pharmacy text messaging program. Learn more at m.cvs.com/txt. Reply HELP for help |
| CVS/pharmacy: You will no longer receive msgs from CVS/pharmacy. For customer service call 877-833-9620 for further assistance | CVS/pharmacy: You will no longer receive msgs from CVS/pharmacy. For customer service call 877-833-9620 for further assistance | CVS/pharmacy: You can now refill by text with our new refill reminders. Reply HELP for help or STOP to cancel. Msg&Data rates may apply. Msg freq varies. |
| CVS/pharmacy: DIANE, Rx OME is out of refills. Reply R and we'll call your doctor to refill, or S to skip and refill yourself. | CVS/pharmacy: DIANE, your order is ready at 9975 LAKE UNDERHILL RD. Flu shots available. Questions? 407-207-7944 Reply HELP for Help | CVS/pharmacy: DIANE, your order is ready for pick up for the next 4 days at 9975 LAKE UNDERHILL RD (407-207-7944). Reply HELP for Help. |

## CLASS ACTION ALLEGATIONS

24. Plaintiff Thompson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and two Classes defined as follows:

> **No Consent Class:** All persons in the United States who (1) received a text message from Defendant CVS Pharmacy, Inc.; (2) on his or her cellular telephone; (3) after October 16, 2013; (4) promoting a CVS pharmacy product or service; (5) who have not created an online account through CVS.com; and (6) who did not provide prior written express consent to receive such text messages.

> **Opt-Out Class:** All persons in the United States who (1) received a text message from Defendant CVS Pharmacy, Inc.; (2) on his or her cellular telephone; (3) after October 16, 2013; (4) who replied "STOP" to Defendant's text messages; and (5) thereafter received a prescription related text message from Defendant (other than an opt-out confirmation).

The following people are excluded from the Classes: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has made text message calls to thousands of consumers who fall into the definition of the Classes. Class members can be identified through Defendant's records.

26. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the

Classes include, but are not necessarily limited to, the following:

a) whether Defendant's conduct constitutes a violation of the TCPA;

b) whether Defendant systematically sent text messages to members of the No Consent Class who did not previously provide Defendant with their prior written express consent to receive such calls;

c) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes;

d) whether Defendant sent text messages to members of the Opt-Out Class after they affirmatively requested that the text messages cease;

e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

f) whether the text messages sent by Defendant violated members of the Classes' respective rights to privacy.

29. **Superiority**: This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the No Consent Class)

30. Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

31. Defendant and/or its agents transmitted unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class without their prior express consent.

32. Defendant and/or its agents made the text message calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. Defendant and/or its agents utilized equipment that made text message calls to Plaintiff and other members of the No Consent Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

33. By making, or having made on its behalf, the unsolicited text message calls to Plaintiff and the No Consent Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a

minimum of $500 in damages for each such violation of the TCPA.

34. Further, Plaintiff, on behalf of herself and the other members of the No Consent Class, seek an Order under section 227(b)(3)(A) of the TCPA enjoining Defendant's unlawful text messaging activities described in this Complaint.

35. By all of the above, the Defendant engaged in willful and knowing violations of the TCPA's restriction on using an ATDS to make text messages calls to Plaintiff and No Consent Class members' cellular telephones.

36. Should the Court determine that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## COUNT II

### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Opt-Out Class)

37. Plaintiff incorporates each and every paragraph of this Complaint as if fully set forth herein.

38. Defendant and/or its agents transmitted unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Opt-Out Class after they affirmatively requested that the text message calls cease.

39. Defendant and/or its agents made the text message calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. Defendant and/or its agents utilized equipment that made, text message calls to Plaintiff and other members of the Opt-Out Class

simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

40.   By making, or having made on its behalf, the unsolicited text message calls to Plaintiff and the Opt-Out Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, Plaintiff and the members of the Opt-Out Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

41.   Further, Plaintiff, on behalf of herself and the other members of the Opt-Out Class, seek an Order under section 227(b)(3)(A) of the TCPA enjoining Defendant's unlawful text messaging activities described in this Complaint.

42.   By all of the above, the Defendant engaged in willful and knowing violations of the TCPA's restriction on using an ATDS to make text messages calls to Plaintiff and Opt-Out Class members' cellular telephones.

43.   Should the Court determine that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Opt-Out Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Janice Thompson, individually and on behalf of the Classes, pray for the following relief:

1. An order certifying the Classes as defined above, appointing Janice Thompson as the representative of the Classes, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited text messaging activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 18, 2014                Respectfully Submitted,

                                        JANICE THOMPSON, individually and on behalf of a class of similarly situated individuals,

                                        By: _____
                                        One of Plaintiff's Attorneys

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman (#30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC

12

201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

*Motion for admission *pro hac vice* forthcoming.